IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DURRAN DEMONT LONG, )
    Petitioner, )
     )
    v. ) 2:13-cv-735
     )
DAVID A VARANO, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Durran Demont Long for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Durran Demont Long, an inmate at the State Correctional Institution at Coal Township, by his counsel, has presented a petition for a writ of habeas corpus. Long is presently serving a sentence of life without parole imposed following this conviction by a jury of second degree murder, aggravated assault, burglary, carrying a firearm without a license, recklessly endangering another person and simple assault at No. CP-04-CR-1526-2003 in the Court of Common Pleas of Beaver County, Pennsylvania. This sentence was imposed on April 7, 2004. An appeal was not pursued.[1]

A post-conviction petition was filed on December 22, 2005 seeking a reinstatement of his appellate rights. That petition was granted on February 28, 2006 and his appellate rights were reinstated. On November 8, 2006, the judgment of sentence was affirmed and a petition for allowance of appeal was not filed. On May 21, 2007, Long filed a post-conviction petition seeking to have his rights to appeal restored nunc pro tunc, that petition was granted, and leave to appeal was denied by the Pennsylvania Supreme Court on April 27, 2010.[2]

---

[1] See: Procedural History contained in the petition and Statement of Facts contained in the answer.
[2] Id.

1

A post-conviction petition was filed on June 17, 2010 seeking to challenge the adequacy of trial counsel. That petition was denied and an appeal was taken to the Superior Court in which the issues presented were:

> I. Counsel gave ineffective assistance for failing to request an instruction for manslaughter and/or third-degree murder.
>
> II. Counsel gave ineffective assistance for failing to make Petitioner aware of any plea offer purportedly made by the Commonwealth.
>
> III. Counsel gave ineffective assistance for failing to object to evidence of prior bad acts and for failing to request a limiting instruction regarding such evidence.[3]

On November 22, 2011, the denial of post-conviction relief was affirmed, and leave to appeal to the Pennsylvania Supreme Court was denied on May 15, 2012.[4]

The instant counseled petition was filed on May 28, 2013, and in it Long contends he is entitled to relief on the following grounds:

> I. Petitioner was denied ineffective (sic) assistance of counsel when counsel failed to request a jury instruction for manslaughter and/or third-degree murder.
>
> II. Petitioner was denied ineffective (sic) assistance of counsel when counsel failed to make petitioner aware of any plea offer purportedly made by the Commonwealth.
>
> III. Petitioner was denied ineffective (sic) assistance of counsel when counsel failed to object to evidence of prior bad acts and for failing to request a limiting instruction regarding such evidence.[5]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] See: Petition at ¶15.
[4] See: Procedural History contained in the petition and Statement of Facts contained in the answer.
[5] See: Petition at ¶24.

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until June 17, 2010; that petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on November 22, 2011, and leave to appeal to the Pennsylvania Supreme Court was denied on May 15, 2012. The instant petition was filed on May 28, 2013 or over a year after it could have been submitted. Thus, the petition here is time barred.[6]

Accordingly, it is recommended that the petition of Durran Demont Long for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to file timely objections will waive the right to appeal.

---

[6] Counsel for the petitioner attempts to argue that he should be given credit for the time period in which he could have sought a petition of certiorari in the United States Supreme Court, i.e., July 25, 2010 and the date on which he actually filed his last post-conviction petition, June 17, 2010, The issue of when the petitioner could have sought relief from the Supreme Court only has bearing on when his conviction became final and has no significance here because the instant petition was filed more than a year after the final denial of post-conviction relief and Long is not entitled to receive a credit for time in which petitioner could have delayed originally seeking post-conviction relief. Additionally, there is no showing made here which would warrant the equitable tolling of the statute.

Filed: September 18, 2013

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge